IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Patrick Hooks, | C/A No.: 0:12-2416-GRA-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| B. Chapman; FNU Simms, | |
| Defendants. | |

The Plaintiff, Donald Patrick Hooks, ("Plaintiff"), a self-represented federal prisoner, brings this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).[1]  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.  Plaintiff originally filed this action in the Middle District of Florida, however, on August 20, 2012, this matter was transferred to the District of South Carolina because the case concerns claims that arose in the Federal Correctional Institution in Bennettsville, South Carolina.  Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915.  Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

---

[1] Bivens establishes as a general proposition that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits.  Carlson v. Green, 446 U.S. 14, 18 (1980); see also Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006).  A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983.  Therefore, caselaw involving § 1983 claims is applicable in Bivens actions, and vice versa.  See Harlow v. Fitzgerald, 457 U.S. 800, 814-20, n.30 (1982); see also Farmer v. Brennan, 511 U.S. 825 (1994).

## BACKGROUND

Plaintiff is currently confined at the Federal Correctional Complex in Coleman, Florida. Plaintiff alleges he has exhausted "all grievances" in this matter, but claims that certain results were withheld from him. (Compl, ECF No. 1 at 4.) According to the Complaint, Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights have been violated. Plaintiff states that on March 22, 2012, while he was confined at FCI-Bennettsville, he was returned to his cell and placed in handcuffs. Plaintiff alleges his cellmate was at the library. According to the Complaint, Plaintiff was left in his cell in handcuffs and was unable to use the bathroom. As a result, Plaintiff urinated on himself. Plaintiff alleges he was not given a clean jumpsuit until "right before the case managers made rounds," which apparently occurred sometime later that same day. Plaintiff seeks money damages.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the

PJG

administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated

---

[2] Screening pursuant to § 1915A is subject to this standard as well.

liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Although persons in custody have no constitutional right to use the bathroom whenever they please, see, e.g., Odom v. Keane, No. 95 Civ. 9941(SS), 1997 WL 576088, at *4-5 (S.D.N.Y. Sept. 17, 1997) (Sotomayor, J.), "reasonably adequate sanitation and the ability to eliminate and dispose of one's bodily wastes without unreasonably risking contamination are basic identifiable human needs . . . ." Whitnack v. Douglas Cnty., 16 F.3d 954, 958 (8th Cir. 1994). Courts have generally found, however, that a temporary deprivation of bathroom facilities does not rise to the level of an Eighth Amendment violation. See, e.g., Qawi v. Howard, No. Civ.A. 98-220-GMS, 2000 WL 1010281, at *3-4 (D.Del. July 7, 2000) (denial of use of bathroom for six hours during which inmate forced to urinate in drinking cup and bowl and defecate into a paper bag did not constitute sufficiently serious deprivation because duration of condition was brief and inmate suffered no significant health risk); Whitted v. Lazerson, No. 96 Civ. 2746(AGS),1998 WL 259929, at *2 (S.D.N.Y. May 21, 1998) (holding that an inmate's Eighth Amendment rights were not violated when he was occasionally prevented from using the restroom and thus urinated or defecated on his clothing); Odom, 1997 WL 576088, at *4 (finding that the absence of



a working toilet in an inmate's cell for several hours "does not rise to the level of cruel and unusual punishment").

Notably, Plaintiff does not allege that he has been deprived of bathroom access regularly and as a matter of policy. To the contrary, Plaintiff's complaint involves only one isolated incident. Furthermore, even assuming that Plaintiff could show that having to wait between bathroom visits was sufficiently serious under the Eighth Amendment, the Complaint does not allege deliberate indifference to a health risk. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

While the wait for a clean jumpsuit was undoubtedly uncomfortable, the officer's alleged inaction of leaving Plaintiff in handcuffs for a short period of time did not amount to the sort of deliberate indifference to an excessive risk of harm that runs afoul of the Eighth Amendment. Vacca v. Scott, 119 F. App'x 678, 679 (5th Cir. 2005) (finding that, although plaintiff averred that defendants acted with deliberate indifference in denying him access to a bathroom, at most he alleged that he suffered generalized pain and discomfort, which is insufficient to state an Eighth Amendment violation).

Certainly, subjecting a "prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." See, e.g., McCray v. Burrell, 516 F.2d 357, 366-69 (4th Cir. 1974) (prisoner placed naked in a bare, concrete cell with excrement-encrusted pit toilet for 48 hours without no bedding, sink, washing facilities, or personal hygiene stated a claim). However, Plaintiff's claim that he has been forced to wear a dirty jumpsuit on one occasion was a temporary condition of limited duration which does not amount to a violation of the Eighth Amendment.

Furthermore, Plaintiff has failed to allege the deprivation of a single identifiable human need. Although he complains that he was required to urinate upon himself on a single date, and was required to remain in a soiled jumpsuit for several hours, he does not allege that any harm or injury resulted from these deprivations. Pursuant to 42 U.S.C. § 1997e(e), the law is clear that, "[n]o Federal civil action may be brought by a prisoner confined in a . . . correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Accordingly, in the absence of any allegation of actual injury or any allegation of the deprivation of a single identifiable human need, the plaintiff has failed to allege claims which amount to a constitutional violation. For this reason, his Complaint must be dismissed as legally frivolous. <u>Robinson v. Lavalais</u>, No. 08-395-JVP-CN, 2008 WL 4297057 (M.D. La. Sept.16, 2008); <u>Miller v. Michigan Dep't of Corr. Health Care Providers</u>, 986 F. Supp. 1078, 1081 (W.D. Mich. 1997) (failure to provide sufficient "Attends" was not "serious deprivation" rising to level of Eighth Amendment violation because delays were of short duration and no significant adverse medical consequences resulted); <u>see</u> <u>also</u> <u>Lowe v. Green</u>, 2007 WL 1217875 (E.D. Tex. April 24, 2007) (dismissal of claim as frivolous where inmate forced to urinate on himself after denial of request to utilize restroom); <u>Alexander v. Tippah Cnty., Mississippi</u>, 351 F.3d 626 (5th Cir. 2003) (dismissal of claims where inmates held in small cell with clogged toilet drain for 24 hours).

**RECOMMENDATION**

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (the court shall review, as soon as practicable after



docketing, prisoner cases to determine whether they are subject to any grounds for dismissal).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 30, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).