UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Donald Patrick Hooks, ) | |
| ) | C/A No.: 0:12-cv-02416-GRA |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| B. Chapman; FNU Simms, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court for review of United States Magistrate Judge Paige J. Gossett's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed on November 30, 2012. Plaintiff commenced this *pro se* action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971) in the Middle District of Florida, but it was transferred to the District of South Carolina on August 20, 2012 because the case concerns claims that arose in the Federal Correctional Institution in Bennettsville, South Carolina. Magistrate Judge Gossett recommends that this Court dismiss Plaintiff's Complaint against Defendants without prejudice and without issuance and service of process. Plaintiff timely filed his objections to the Report and Recommendation on December 12, 2012.[1] ECF No. 18. For the reasons stated herein, the Court adopts the magistrate's recommendation in its entirety.

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

Upon review, the Court finds that Plaintiff's objections are without merit. Plaintiff first objects to the portion of the Report and Recommendation that suggested that "in the absence of any allegation of actual injury or any allegation of the deprivation of a single identifiable human need, the plaintiff has failed to allege claims which amount to a constitutional violation." ECF No. 16. Specifically, Plaintiff states that he is "unaware of any precedent of this court to effect that psychological pain is not recognized for constitutional purposes." ECF No. 18.

To make a *prima facie* showing that prison conditions violate the Eighth

Amendment, a plaintiff must show "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993).  Certainly, subjecting "a prisoner to lack of sanitation that is severe or prolonged" can rise to the level of a "serious deprivation of a basic human need."  *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995); *see McCray v. Burrell*, 516 F.2d 357, 366–69 (4th Cir. 1974) (prisoner placed naked in a bare, concrete cell with excrement-encrusted pit toilet for 48 hours without bedding, a sink, washing facilities, or personal hygiene stated a claim).  However, in this case, the Magistrate Judge correctly found that Plaintiff's claim that he was only temporarily denied access to a bathroom and had to wait for a clean jumpsuit, while undoubtedly uncomfortable, did not rise to the level of an Eighth Amendment violation.  Plaintiff's claim cannot be said to be a "severe or prolonged" deprivation of a basic human need.  *Id.*

Furthermore, to show that conditions are extreme enough to raise an Eighth Amendment claim, a plaintiff must "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions."  *Shakka v. Smith*, 71 F.3d 162 (4th Cir. 1995) (internal citations omitted).  Thus, while emotional harm resulting from prison conditions may sometimes state an Eighth Amendment claim, Plaintiff's allegations that he suffered "psychological harm" from temporarily being deprived of bathroom access and having to wait on a clean jumpsuit on one occasion simply do not rise to the level of a "serious or significant . . . emotional injury."  Moreover, Plaintiff is not entitled to bring

a claim for emotional distress in the absence of a showing of physical injury. As the Magistrate Judge correctly stated, 42 U.S.C. § 1997e(e) precludes a civil action "by a prisoner confined in a . . . correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Therefore, because Plaintiff fails to show a "serious or significant . . . emotional injury" and does not allege any physical injury, his Eighth Amendment claim fails.

As to Plaintiff's other objections, the Court finds that these objections are conclusory, non-specific, or unrelated to the dispositive portions of the magistrate's Report and Recommendation.

Therefore, after a thorough review of the record, this Court finds that the magistrate's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is DISMISSED without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

December 21, 2012
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date

of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.

0:12-cv-02416-GRA     Date Filed 12/21/12     Entry Number 20     Page 5 of 5